

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFETIME PRODUCTS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>GSC TECHNOLOGY CORP., a Canadian corporation,<br><br>    Defendant. | Civil Action No.<br>03 CV 3943<br><br>The Honorable<br>Ruben Castillo |

### LIFETIME'S SECOND AMENDED COMPLAINT FOR: (1) PATENT INFRINGEMENT; AND (2) INDUCEMENT OF PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and the written consent of the parties in the Stipulation and [Proposed] Order RE: Dismissal of GSC Forwarding and Amendment of Complaint to Add Claims for Infringement of Newly Issued Patents (attached as "Exhibit A" hereto), plaintiff LIFETIME PRODUCTS, INC. ("Lifetime") hereby complains and alleges against defendant GSC TECHNOLOGY CORP. ("GSC") as follows:

### I.    THE PARTIES

1. Lifetime is a corporation duly organized and existing under the laws of the State of Utah, with its principal place of business in the City of Clearfield, Davis County, Utah.

2. Lifetime alleges on information and belief that GSC is a corporation organized and existing under the laws of Canada, with its principal place of business located at 160 Vanier Street, St. Jean, Quebec, Canada J3B 3R4.



## II. JURISDICTION AND VENUE

3. This is a civil action for acts of patent infringement and inducement thereof committed by GSC arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. This Court has original subject matter jurisdiction over Lifetime's claims for relief, which arise under the laws of the United States, pursuant to 28 U.S.C. §1331 (federal question).

5. This Court also has original subject matter jurisdiction over Lifetime's claims for relief, which arise under acts of Congress relating to patents, pursuant to 28 U.S.C. §1338(a).

6. Lifetime alleges on information and belief that GSC has imported, used, sold, and/or offered for sale infringing products that are the subject of this litigation in the State of Illinois and in the Northern District of Illinois.

7. Lifetime alleges on information and belief that GSC has induced others to import, use, sell and/or offer for sale infringing products that are the subject of this litigation in the State of Illinois and in the Northern District of Illinois.

8. GSC has waived any objection to this Court's continued exercise of personal jurisdiction over GSC due to GSC's agreed motion to transfer this case to this Court.

9. GSC has waived any objection to venue in this judicial district due to GSC's agreed motion to transfer this case to this Court.

10. Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. §§ 1391(b)(2) and 1391(d).

### III. FACTUAL BACKGROUND

11. Lifetime is an award-winning innovator in the field of sports equipment, and consumer and office products, which are constructed of high quality steel and blow-molded plastic.

12. Several of Lifetime's most successful innovations have been in the design and development of lightweight and highly durable folding tables that combine metal frames and blow-molded plastic table tops.

13. Lifetime's folding tables are protected, *inter alia,* by a portfolio of patents, including United States Patent Nos. 5,536,552 (the "'552 Patent"), 6,431,092 (the "'092 Patent"), 6,530,331 (the "'331 Patent"), and 6,550,404 (the "'404 Patent") reproduced as Exhibits "B," "C," "D" and "E" respectively, and attached hereto and incorporated herein by this reference.

14. Lifetime is the owner of the '552, '092, '331 and '404 Patents.

15. Lifetime has not licensed GSC to practice the '552, '092, '331 or '404 Patents, and GSC has no right or authority to license others to practice the '552, '092, '331 or '404 Patents.

### IV. CLAIMS FOR RELIEF

#### *FIRST CLAIM FOR RELIEF*

(Infringement of the '552 Patent)

16. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 15, as though fully set forth herein.

17. Lifetime alleges on information and belief that GSC has imported into the United States, and has sold and/or offered for sale within the United States, folding plastic tables that fall within the scope of one or more of the claims of the '552 patent.

3

18. Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, GSC has infringed, continues to infringe, and unless and until enjoined by this Court, will continue to infringe the '552 patent.

19. The conduct of GSC as set forth hereinabove gives rise to a cause of action for infringement of the '552 patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

20. Lifetime alleges on information and belief that GSC has infringed the '552 patent in willful and deliberate disregard of Lifetime's rights.

21. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

## *SECOND CLAIM FOR RELIEF*

(Inducement of Infringement of the '552 Patent)

22. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 21, as though fully set forth herein.

23. Lifetime alleges on information and belief that GSC has actively induced others to import into the United States, and to use, sell and/or offer for sale within the United States, without authority or license to do so from Lifetime, folding plastic tables that fall within the scope of one or more of the claims of the '552 patent.

24. Lifetime alleges on information and belief that GSC knew or should have known that the products it induced others to import into the United States, and/or use, sell and/or offer for sale within the United States, fall within the scope of one or more of the claims of the '552 patent.

25. The conduct of GSC as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '552 patent, pursuant to 35 U.S.C. §§ 271(b) and 281.

26. Lifetime alleges on information and belief that GSC has induced infringement of the '552 patent in willful and deliberate disregard of Lifetime's rights.

27. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### *THIRD CLAIM FOR RELIEF*

(Infringement of the '092 Patent)

28. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 27, as though fully set forth herein.

29. Lifetime alleges on information and belief that GSC has imported into the United States, and has sold and/or offered for sale within the United States, folding plastic tables that fall within the scope of one or more of the claims of the '092 patent.

30. Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, GSC has infringed, continues to infringe, and unless and until enjoined by this Court, will continue to infringe the '092 patent.

31. The conduct of GSC as set forth hereinabove gives rise to a cause of action for infringement of the '092 patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

32. Lifetime alleges on information and belief that GSC has infringed the '092 patent in willful and deliberate disregard of Lifetime's rights.

33. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.



### FOURTH CLAIM FOR RELIEF

(Inducement of Infringement of the '092 Patent)

34. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 33, as though fully set forth herein.

35. Lifetime alleges on information and belief that GSC has actively induced others to import into the United States, and to use, sell and/or offer for sale within the United States, without authority or license to do so from Lifetime, folding plastic tables that fall within the scope of one or more of the claims of the '092 patent.

36. Lifetime alleges on information and belief that GSC knew or should have known that the products it induced others to import into the United States, and/or use, sell and/or offer for sale within the United States, fall within the scope of one or more of the claims of the '092 patent.

37. The conduct of GSC as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '092 patent, pursuant to 35 U.S.C. §§ 271(b) and 281.

38. Lifetime alleges on information and belief that GSC has induced infringement of the '092 patent in willful and deliberate disregard of Lifetime's rights.

39. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### FIFTH CLAIM FOR RELIEF

(Infringement of the '331 Patent)

40. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 39, as though fully set forth herein.

41. Lifetime alleges on information and belief that GSC has imported into the United States, and has sold and/or offered for sale within the United States, folding plastic tables that fall within the scope of one or more of the claims of the '331 patent.

42. Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, GSC has infringed, continues to infringe, and unless and until enjoined by this Court, will continue to infringe the '331 patent.

43. The conduct of GSC as set forth hereinabove gives rise to a cause of action for infringement of the '331 patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

44. Lifetime alleges on information and belief that GSC has infringed the '331 patent in willful and deliberate disregard of Lifetime's rights.

45. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### *SIXTH CLAIM FOR RELIEF*

(Inducement of Infringement of the '331 Patent)

46. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 45, as though fully set forth herein.

47. Lifetime alleges on information and belief that GSC has actively induced others to import into the United States, and to use, sell and/or offer for sale within the United States, without authority or license to do so from Lifetime, folding plastic tables that fall within the scope of one or more of the claims of the '331 patent.

48. Lifetime alleges on information and belief that GSC knew or should have known that the products it induced others to import into the United States, and/or use, sell and/or offer for sale within the United States, fall within the scope of one or more of the claims of the '331 patent.

49. The conduct of GSC as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '331 patent, pursuant to 35 U.S.C. §§ 271(b) and 281.

50. Lifetime alleges on information and belief that GSC has induced infringement of the '331 patent in willful and deliberate disregard of Lifetime's rights.

51. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### *SEVENTH CLAIM FOR RELIEF*

(Infringement of the '404 Patent)

52. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 51, as though fully set forth herein.

53. Lifetime alleges on information and belief that GSC has imported into the United States, and has sold and/or offered for sale within the United States, folding plastic tables that fall within the scope of one or more of the claims of the '404 patent.

54. Lifetime alleges on information and belief that, by at least the activities alleged in the foregoing paragraph, GSC has infringed, continues to infringe, and unless and until enjoined by this Court, will continue to infringe the '404 patent.

55. The conduct of GSC as set forth hereinabove gives rise to a cause of action for infringement of the '404 patent, pursuant to 35 U.S.C. §§ 271(a) and 281.

56. Lifetime alleges on information and belief that GSC has infringed the '404 patent in willful and deliberate disregard of Lifetime's rights.

57. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### *EIGHTH CLAIM FOR RELIEF*

(Inducement of Infringement of the '404 Patent)

58. By this reference Lifetime realleges and incorporates the foregoing paragraphs 1 through 57, as though fully set forth herein.

59. Lifetime alleges on information and belief that GSC has actively induced others to import into the United States, and to use, sell and/or offer for sale within the United States, without authority or license to do so from Lifetime, folding plastic tables that fall within the scope of one or more of the claims of the '404 patent.

60. Lifetime alleges on information and belief that GSC knew or should have known that the products it induced others to import into the United States, and/or use, sell and/or offer for sale within the United States, fall within the scope of one or more of the claims of the '404 patent.

61. The conduct of GSC as set forth hereinabove gives rise to a claim for relief for inducement of infringement of the '404 patent, pursuant to 35 U.S.C. §§ 271(b) and 281.

62. Lifetime alleges on information and belief that GSC has induced infringement of the '404 patent in willful and deliberate disregard of Lifetime's rights.

63. By reason of the foregoing, Lifetime is entitled to injunctive and monetary relief against GSC, pursuant to 35 U.S.C. §§ 283-85, as more fully set forth herein below.

### V. **PRAYER FOR RELIEF**

WHEREFORE, Lifetime prays for judgment as follows:

A. An Order of this Court temporarily, preliminarily, and permanently enjoining GSC, its agents and servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner the '552, '092, '331 or '404 Patents, whether by

making, using, selling, offering to sell, or importing into the United States any table or other product falling within the scope of any of the claims of the '552, '092, '331 or '404 Patents, or inducing others to engage in any of the aforementioned acts or otherwise, pursuant to at least 35 U.S.C. § 283;

B. An order of this Court directing GSC to destroy their entire stock of infringing products within the United States, pursuant to, at least, 35 U.S.C. § 283;

C. An award of damages to Lifetime, in an amount to be proven at trial, pursuant to at least 35 U.S.C. § 284;

D. An award of treble damages to Lifetime and assessed against GSC, pursuant to at least 35 U.S.C. § 284;

E. Prejudgment interest, pursuant to at least 35 U.S.C. § 284;

F. An award of Lifetime's costs in bringing this action, pursuant to at least 35 U.S.C. § 284;

G. An award of Lifetime's attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

H. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

I. For such other and further relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY

Plaintiff demands TRAIL BY JURY of all causes so triable.

Dated this 8th day of September, 2003

*Nicole A. Fiorella*

LARRY R. LAYCOCK
DAVID R. WRIGHT
L. REX SEARS
TIGE KELLER
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801)533-9800
Facsimile: (801)328-1707

DAVID M. FRISCHKORN
NICOLE A. FIORELLA
MCDONNELL, BOEHNEN, HULBERT &
BERGHOFF
3003 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing LIFETIME'S SECOND AMENDED COMPLAINT FOR: (1) PATENT INFRINGEMENT; AND (2) INDUCEMENT OF PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL was served on Plaintiff by hand delivery to its attorney(s) of record, on this 8th day of September, 2003, as follows:

>Edward D. Manzo, Esq.
>Mark J. Murphy, Esq.
>COOK ALEX McFARRON MANZO
>  CUMMINGS & MAHLER LTD.
>200 W. Adams Street, Suite 2850
>Chicago, IL 60606

_____
Nicole A. Fiorella